IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ERIC STEVEN HILL, )
)
Petitioner, )
)
v. ) Case No. CIV 12-006-RAW-KEW
)
ANITA TRAMMELL, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, is challenging his conviction in Johnston County District Court Case No. CF-2006-102 for Possession of Controlled Dangerous Substance (Count 1) and Possession of Firearms After Conviction or During Probation (Count 4). He raises two grounds for relief:

I. Unlawful search warrant was used in violation of the Fourth Amendment.

II. Ineffective assistance of trial counsel.

The respondent alleges petitioner's claims are both unexhausted and time barred. The record shows that on March 15, 2007, petitioner entered a plea of guilty and was sentenced in Case No. CF-2006-102. He did not file a motion to withdraw the plea, seek a direct appeal to the Oklahoma Court of Criminal Appeals, or file an application for post-conviction relief.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To

satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Petitioner argues in his response to the motion to dismiss that extraordinary circumstances beyond his control, in particular being on extended lockdown and being denied law library access, prevented the timely filing of this petition, and "there is an existance [sic] of ACTUAL INNOCENCE" [Docket No. 8 at 1]. He also makes an unsupported claim that the petition is not unexhausted. These allegations, however, do not explain his lack of diligence for more than five years since entering the pleas. Furthermore, his unsupported claim of actual innocence is unsupported and conclusory.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus for failure to exhaust state court remedies [Docket No. 6] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this _15th_ day of August 2012.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**